IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP LITCHFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>HEARTLAND AUTOMOTIVE SERVICES II, INC.,<br><br>    Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Phillip Litchfield brings this action on behalf of himself and all other persons similarly situated, by and through his attorneys, against Defendant, Heartland Automotive Services II, Inc. ("Heartland"). In support of his Class Action Complaint, Litchfield states:

## PRELIMINARY STATEMENT

1. This case challenges Heartland's practice of violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., in furtherance of Heartland's marketing efforts by making unsolicited and unauthorized advertising calls to cellular phones without consent via an automatic dialing system.

2. The TCPA prohibits a person or entity from using an automated dialing system or artificial or prerecorded voice to dial cellular phones without the recipient's prior express written consent.

3. Heartland's practice is willful and intentionally directed to cellular phones or mobile devices, or both, and is a direct violation of the TCPA.

4. The TCPA provides a private right of action and provides statutory damages of $500-1500 per violation.

5. On behalf of himself and all others similarly situated, Litchfield brings this case as a class action asserting a claim against Heartland under the TCPA.

## PARTIES

6. Litchfield is a citizen of Illinois who maintains his domicile in Cook County, Illinois.

7. Heartland is a Delaware corporation which maintains its headquarters in Irving, Texas.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Defendant's violation of the TCPA presents a federal question.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant's violation of the TCPA took place in this District.

## DEMAND FOR JURY TRIAL

10. Pursuant to Federal Rule of Civil Procedure 38(b)(1), Litchfield requests a trial by jury on the claims so triable.

## FACTS

11. Litchfield is the owner of the cellular telephone number 630-881-███.

12. On June 11, 2014, Litchfield received two unsolicited marketing calls from Heartland on his cellular telephone. Heartland made these unsolicited marketing calls to Litchfield's cellular phone number using a system which either makes calls to cellular telephone numbers from a list of stored numbers or makes calls by randomly or sequentially generating the number to which a call will be made. These unsolicited marketing calls had the single purpose of promoting Heartland's services.

13. On June 12, 2014, Litchfield received a third unsolicited marketing call from Heartland on his cellular telephone. Heartland made this unsolicited marketing call to Litchfield's cellular phone number using a system which either makes calls to cellular telephone numbers from a list of stored numbers or makes calls by randomly or sequentially generating the number to which a call will be made. This unsolicited marketing call had the single purpose of promoting Heartland's services.

14. Heartland made all three unsolicited marketing calls from 866-634-6352.

15. Litchfield did not consent to receiving marketing calls from Heartland.

16. Heartland made numerous similar unsolicited marketing calls to many other persons and, therefore, should be liable for statutory damages under the TCPA. Heartland should also be enjoined from committing similar violations in the future.

## COUNT I
## (VIOLATION OF THE TCPA)

17. Litchfield realleges paragraphs 1 through 16.

18. The TCPA makes unlawful the use of automated telephone equipment to make any call to any number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

19. The Federal Communications Commission ("FCC") has required entities to obtain prior express written consent before sending text messages which advertise the commercial availability of goods or services. 47 C.F.R. § 64.1200.

20. The TCPA, 47 U.S.C. § 227(b)(3), provides:

> (3) PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of a court of a State, bring in an appropriate court of that State:
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

      (B)    an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

      (C)    both such actions.

21. The Court, it its discretion, can treble the statutory damages if the violation was willful or knowing. 47 U.S.C. § 227.

22. Litchfield and each class member suffered damages as a result of their receipt of Heartland's unsolicited text messages.

23. Litchfield and each class member is entitled to statutory damages.

24. Heartland violated the TCPA even if its actions were only negligent.

25. Heartland should be enjoined from committing similar violations in the future.

26. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Litchfield brings this claim on behalf of a class, consisting of all persons who (1) on or after August 11, 2010; (2) were the recipients of unsolicited calls advertising the commercial availability of any property, goods, or services by or on behalf of Heartland; and (3) with respect to whom Heartland cannot provide evidence of prior express permission.

27. Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the members of the putative class are so numerous and geographically dispersed that individual joinder of all members of those three putative classes is impracticable. Heartland uses a system which either makes calls to cellular telephone numbers in a list of stored numbers or sends texts by randomly or sequentially generating the number to which a call will be made so that it can make hundreds of thousands of marketing calls. Litchfield is therefore confident that there are hundreds (if not thousands) of members of the putative class.

28. Pursuant to Rule 23(a)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this action involves common questions of law and fact, which predominate over any questions affecting individual putative class members, including, but not limited to:

   a. Whether Heartland, while using an automated dialing system, made unsolicited marketing calls to the cellular telephone numbers used by Litchfield and putative class members; and

   b. Whether Heartland had the prior express written consent to make unsolicited marketing calls using an automated dialing system.

29. Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, Litchfield's claims are typical of the other putative class members' claims because all members of the putative class were comparably injured through Heartland's wrongful conduct as alleged in this Complaint.

30. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, Litchfield is an adequate class representative because his interests do not conflict with the interests of the other members of the putative class Litchfield seek to represent. In addition, Litchfield has retained counsel competent and experienced in complex class action litigation. Finally, Litchfield intends to prosecute this action vigorously and the putative class's interests will be fairly and adequately protected by Litchfield and his counsel.

31. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Heartland acted on grounds generally applicable to Litchfield and the other members of the putative class, thus making appropriate final injunctive and declaratory relief, as described in this Complaint, with respect to the putative class members as a whole.

32.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Litchfield and the putative class are relatively small compared to the burden and expense that would be required to individually litigation their claims against Heartland, so it would be impracticable for the members of all three classes to individually seek redress for Heartland's wrongful conduct. Even if putative class members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory outcomes, and increases the delay and expense to all parties and the court system. In contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

[remainder of page intentionally left blank]

WHEREFORE, Plaintiff Phillip Litchfield, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in his favor and against Defendant Heartland Automotive Services II, Inc. as follows:

a. Adjudge and decree that the present case may be properly maintained as a class action, appoint Litchfield as the representative of the class, and appoint Litchfield's counsel as class counsel;

b. Award $500.00 in damages for each violation of the TCPA;

c. Enter an injunction prohibiting Heartland from engaging in the statutory violations at issue in this action; and

d. Award costs and such further relief as the Court may deem just and proper.

Dated: August 13, 2014     PHILLIP LITCHFIELD

                                           /s/ Vincent L. DiTommaso

Vincent L. DiTommaso     Terrence Buehler
Peter S. Lubin     TOUHY, TOUHY & BUEHLER, LLP
John Auchter     55 W. Wacker Drive Suite 1400
DITOMMASO♦LUBIN P.C.     Chicago IL, 60601
17W220 22nd Street, Suite 410     (312) 372-2209
Oakbrook Terrace, Illinois 60181     (312) 456-3838 (facsimile)
(630) 333-0000     tbuehler@touhylaw.com
(630) 333-0333 (facsimile)
vdt@ditommasolaw.com