IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP LITCHFIELD<br><br>　　Plaintiff,<br><br>　　v.<br><br>HEARTLAND AUTOMOTIVE<br>SERVICES II, INC.,<br><br>　　Defendant. | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Phillip Litchfield seek an order pursuant to Fed. R. Civ. P. 23 determining that this action may proceed as a class action against Defendant, Heartland Automotive Services II, Inc. ("Heartland"). In support of this Motion, Litchfield states as follows:

1.　On August 13, 2014, Litchfield filed a Class Action Complaint. Doc. # 1. Litchfield's Complaint alleges a claim on a class-wide basis for Heartland's violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.　Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Litchfield brings this claim on behalf of a class, consisting of all persons who (1) on or after August 11, 2010; (2) were the recipients of unsolicited calls advertising the commercial availability of any property, goods, or services by or on behalf of Heartland; and (3) with respect to whom Heartland cannot provide evidence of prior express permission.

3.　Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the members of the putative class are so numerous and geographically dispersed that individual joinder of all members of those three putative classes is impracticable. Heartland uses a system which either makes calls to cellular telephone numbers in a list of stored numbers or sends texts by randomly

or sequentially generating the number to which a call will be made so that it can make hundreds of thousands of marketing calls. Litchfield is therefore confident that there are hundreds (if not thousands) of members of the putative class.

4. Pursuant to Rule 23(a)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this action involves common questions of law and fact, which predominate over any questions affecting individual putative class members, including, but not limited to:

   a. Whether Heartland, while using an automated dialing system, made unsolicited marketing calls to the cellular telephone numbers used by Litchfield and putative class members; and

   b. Whether Heartland had the prior express written consent to make unsolicited marketing calls using an automated dialing system.

5. Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, Litchfield's claims are typical of the other putative class members' claims because all members of the putative class were comparably injured through Heartland's wrongful conduct as alleged in this Complaint.

6. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, Litchfield is an adequate class representative because his interests do not conflict with the interests of the other members of the putative class Litchfield seek to represent. In addition, Litchfield has retained counsel competent and experienced in complex class action litigation. Finally, Litchfield intends to prosecute this action vigorously and the putative class's interests will be fairly and adequately protected by Litchfield and his counsel.

7. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Heartland acted on grounds generally applicable to Litchfield and the other members of the putative class,

thus making appropriate final injunctive and declaratory relief, as described in this Complaint, with respect to the putative class members as a whole.

8. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Litchfield and the putative class are relatively small compared to the burden and expense that would be required to individually litigation their claims against Heartland, so it would be impracticable for the members of all three classes to individually seek redress for Heartland's wrongful conduct. Even if putative class members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory outcomes, and increases the delay and expense to all parties and the court system. In contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

9. Plaintiff intends to supplement this Motion with a Memorandum of Law in Support of this Motion.

[remainder of this page intentionally left blank]

WHEREFORE, Plaintiff Phillip Litchfield respectfully request that the Court certify a TCPA putative class as requested.

Dated: August 13, 2014            PHILLIP LITCHFIELD

                                                /s/ Vincent L. DiTommaso

| | |
|---|---|
| Vincent L. DiTommaso | Terrence Buehler |
| Peter S. Lubin | TOUHY, TOUHY & BUEHLER, LLP |
| John Auchter | 55 W. Wacker Drive Suite 1400 |
| DITOMMASO♦LUBIN P.C. | Chicago IL, 60601 |
| 17W220 22nd Street, Suite 410 | (312) 372-2209 |
| Oakbrook Terrace, Illinois 60181 | (312) 456-3838 (facsimile) |
| (630) 333-0000 | tbuehler@touhylaw.com |
| (630) 333-0333 (facsimile) | |
| vdt@ditommasolaw.com | |